IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


HARRY HENRY BROWN,

    Plaintiff,

vs.                                                                 Case No. 4:15cv403-WS/CAS

EBONY O. HARVEY,
DR. A. VARONA,
CORIZON HEALTH,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, filed a civil rights complaint, doc. 1, under 42 U.S.C. § 1983, and a motion seeking leave to proceed in forma pauperis, doc. 2. Plaintiff's in forma pauperis motion demonstrates a lien balance against his account for $1,904.40. Doc. 2 at 2. That amount is high and raised concerns that Plaintiff is a frequent filer in federal court. Plaintiff's complaint, doc. 1, raised additional concerns because Plaintiff stated he was "unsure" whether he had initiated other actions in state court dealing with the same or similar facts. Doc. 1 at 3. Additionally, Plaintiff indicated he had filed a prior federal case concerning the same or similar facts, but stated he was unsure of the case number or judge. *Id.* Plaintiff then listed just two other federal court

cases: case number 14-21245 and case number 95-2084, both[1] filed in the United States District Court, Southern District of Florida.  Doc. 1 at 4.  Plaintiff's complaint was signed under penalty of perjury and, if "true and correct," would mean that Plaintiff had not filed any other federal court cases and had only one case dismissed as frivolous, malicious, failing to state a claim, or prior to service.  See doc. 1 at 4.  That is not correct.

Judicial notice is taken of case number 07-23203-CIV, filed in the Southern District of Florida on December 10, 2007.  The case was filed by Plaintiff Harry Henry Brown, with a Department of Corrections inmate number of 031268, and he was incarcerated at Jefferson Correctional Institution, just as Plaintiff is now.  A Report and Recommendation was entered by United States Magistrate Judge P.A. White on December 13, 2007, which listed thirteen prior cases filed by Plaintiff, three of which were previously dismissed under 28 U.S.C. § 1915(g).[2]  Doc. 5 of case # 1:07cv23203.  Accordingly, Judge White recommended that Plaintiff's case be dismissed because he was not under imminent danger, and not entitled to in forma pauperis status pursuant to § 1915(g).   That recommendation was adopted and the case dismissed on February 22, 2008.

Therefore, Plaintiff is not permitted to proceed with in forma pauperis status in this case absent allegations he is in imminent danger of serious physical injury pursuant

---

[1] Both of which were habeas petitions.

[2] The three cases dismissed under § 1915(g) were: case number 00-14224, case number 00-14112, and case number 99-14028.  Doc. 5 at 2-3, case # 1:07cv23203.

to 28 U.S.C. § 1915(g).[3] Plaintiff has not specifically raised such allegations as he was not forthright in admitting to all prior cases filed.

Review of Plaintiff's case indicate he seeks to be prescribed a specific medication for Hepatitis-C. Doc. 1 at 6. Plaintiff contends he should be provided that medication under "the 'Obama-Care Insurance Budget Fund,'" but Plaintiff does not provide supporting factual allegations which would otherwise be sufficient to state an Eighth Amendment claim concerning his medical care. Plaintiff does not clearly allege that he has Hepatitus-C, nor does he state when he sought treatment for his condition or was examined by either Defendant. There are no dates provided which reveal that Plaintiff's claims are not time barred, or reveal that Plaintiff is in "imminent danger" of physical harm.

There may be times when medical care issues provide a basis for finding an inmate is in imminent danger. This case is not, however, because the assertions are vague, unsupported, and conclusory. This case should be dismissed sua sponte because Plaintiff did not honestly list all prior cases, and because Plaintiff has not alleged facts which demonstrate he is under imminent danger of physical injury. Thus, Plaintiff's in forma pauperis motion, doc. 2, should be denied and this case dismissed without prejudice. Plaintiff may re-file this action and present clear allegations which would support finding that Plaintiff is in imminent danger of serious physical injury, or

---

[3] Section 1915(g) provides that a prisoner may not proceed with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No. 4:15cv403-WS/CAS

Plaintiff may re-file the case and simultaneously pay the full $400.00 filing fee at the time of case initiation.  See <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), Plaintiff's complaint, doc. 1, be **DISMISSED** without prejudice, and any pending motions[4] be **DENIED**.  It is further recommended that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on September 3, 2015.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[4] Plaintiff has already filed a motion requesting the summonses by issued.  Doc. 5.  That motion should be denied.